**Michael VAN METER, Plaintiff,**

v.

**William P. BARR, Attorney General, Defendant.**

**Civ. A. No. 91-0027.**

United States District Court, District of Columbia.

Dec. 18, 1991.

David J. Shaffer, Washington, D.C., Steven A. Berliner, Los Angeles, Cal., David Kairys, Philadelphia, Pa., Joseph M. Sellers and Elizabeth A. Singer, Washington, D.C., for plaintiff.

Anne M. Gulyassy and Robert S. Whitman, Washington, D.C., for defendant.

MEMORANDUM

GESELL, District Judge.

In this Title VII race discrimination case, a Special Agent of the Federal Bureau of Investigation ("FBI"), who brought suit in this Court on January 7, 1991, moves to amend his complaint to include a claim for compensatory damages and a request for a jury trial pursuant to the Civil Rights Act of 1991 ("1991 Act"), which became effective more than nine months after the original complaint was filed. The motion is opposed and has been fully briefed and argued.

The Court confronts an issue of first impression in this jurisdiction, where according to the Clerk of the Court, some 322 cases invoking the Civil Rights Act of 1964, as amended ("1964 Act") are pending, the large majority of which, like the above-captioned case, involve federal employees.

### The 1991 Act

Plaintiff moved to amend his complaint on November 21, 1991, the day the President signed the 1991 Act. In his proposed second amended complaint, plaintiff in-

vokes sections 102(b) and (c) of the 1991 Act, which read as follows:

Sec. 102. Damages in Cases of Intentional Discrimination

(a) Right of Recovery.—

(1) Civil Rights.—In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–5) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act (42 U.S.C. 2000e–2 or 2000e–3), and provided that the complaining party cannot recover under section 1977 of the Revised Statutes (42 U.S.C. 1981), the complaining party may recover compensatory and punitive damages as allowed in subsection (b), ...

[Section 102(b) provides for compensatory and punitive damages in such actions, up to certain specified limits, but disallows punitive damages against the government.]

(c) Jury Trial.—If a complaining party seeks compensatory or punitive damages under this section—

(1) any party may demand a trial by jury....

The 1991 Act contains no provision stating specifically whether or not the damages and jury sections cited above apply to cases, such as the present case, already pending in U.S. District Courts. Moreover, the legislative history of the 1991 Act not only fails to provide any guidance on the question, but as the parties agree, it affirmatively leaves the issue in a state of total confusion. The congressional "debates" were, with few exceptions, hardly more than a series of declarations and counterdeclarations, which often addressed "retroactivity" without ever defining that term or focusing on the crucial, separate problem at issue here of how the 1991 Act was supposed to affect federal employment cases pending before the courts.

The new damages provision plaintiff is attempting to invoke does not eliminate the equitable remedies available under the 1964 Act, such as back pay, promotion, protection against retaliation, and the like; and the carefully crafted administrative procedures involving conciliation, evidentiary hearings before an Administrative Law Judge, and agency review, which comprise a necessary prerequisite to the federal government's waiver of sovereign immunity in cases affecting its employees, remain intact.

## Discussion

■ Irrespective of the passing comments made by the parties in their briefs, there can be no dispute based on distinctions between substance and procedure as far as the issue before the Court is concerned. A right to seek compensatory damages in a jury trial against the United States is a major substantive provision.

In a decision by Judge (now Justice) Thomas, joined by Judges Edwards and Sentelle, this Circuit—after considering the recent decisions of the U.S. Supreme Court in this area—stated:

"[S]ubstantive legislation will not be given retroactive effect 'unless such be "the unequivocal and inflexible import of the [statutory] terms, and the manifest intention of the legislature"' "....

*Alpo Pet Foods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 963 n. 6 (D.C.Cir.1990) (quoting *Georgetown University Hospital v. Bowen*, 821 F.2d 750, 758 (D.C.Cir.1987), *aff'd*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988)). That holding confirmed the developing view of the Circuit on an issue that has not yet been finally resolved by the Supreme Court. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 1576–77, 108 L.Ed.2d 842 (1990) (recognizing the "apparent tension" between *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988) and *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)). The question of retroactivity was revisited by the Circuit in *Wagner Seed Company, Inc. v. Bush*, with the same result. There the court held that if "the presumption against retroactivity is not rebutted by clear terms to the contrary

... then the statute applies only prospectively." *Wagner Seed*, 946 F.2d 918, 924 (D.C.Cir.1991) (citing *United States Fidelity & Guaranty Co. v. United States*, 209 U.S. 306, 314, 28 S.Ct. 537, 539, 52 L.Ed. 804 (1908) (holding that a statute "ought not to receive [retroactive] construction unless the words used are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied")). In the present case, no such clear language appears in the statute, and the legislative history remains too ambiguous to provide the type of conclusive support for retroactivity that might overcome the presumption.

■ To be sure, as plaintiff points out, the 1991 Act provides that it shall "take effect upon enactment," *see* 1991 Act, § 402(a); but that provision makes no reference to Title VII federal employment cases that have already been filed in federal court. Prior to filing, those actions were required to comply with Title VII's explicit provisions regarding exhaustion of administrative remedies. The two provisions of the 1991 Act that were included in order to ensure that earlier Supreme Court decisions overruled by the Act are not affected retroactively, *see* 1991 Act, §§ 109(c), 402(b), similarly have no significance to the issue presented here. The only question that this Court must decide is whether or not section 102(a) of the Act applies retroactively to an existing Title VII case involving a federal agency, and the statute contains no explicit language in that regard.

If anything, the statute seems to indicate that it will apply only prospectively in such cases. According to section 102(a) of the Act, "complaining parties" may seek compensatory and—in suits against private employers—punitive damages. Section 102(d) defines a "complaining party" as "the Equal Employment Opportunity Commission, the Attorney General, or *a person who may bring an action or proceeding under title VII....*" By its terms, the statute seems to contemplate that only plaintiffs who have not yet brought their actions are entitled to invoke the new Act. Certainly, under that reading of the law, a

federal employee who has already filed a judicial action would not be able to come within the Act. The Court does not need to decide whether that statutory language means also to exclude from the purview of the Act federal employees who have already filed administrative complaints.

The overall structure of the federal discrimination statutes supports the conclusion that the 1991 Act should not apply retroactively to suits such as the one currently before the Court. Unlike private Title VII discrimination cases, which may be brought directly into the United States District Court irrespective of whether or not the plaintiff has first pursued administrative remedies with the employer, *see Johnson v. Greater South East Hospital Corp.*, 951 F.2d 1268, 1276 (D.C.Cir.1991), in Title VII cases against the federal government, the United States has conditioned the waiver of its sovereign immunity on the requirement that the plaintiff first raise his or her discrimination grievances with the agency. *See* 42 U.S.C. § 2000e–16(c); *Brown v. GSA*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). This notable difference between Title VII claims against private and federal employers was not altered by the 1991 Act. Indeed, "the careful blend of administrative and judicial enforcement powers" has always been recognized as crucial to "the careful and thorough remedial scheme" established in Title VII. *See id.* at 832–35, 96 S.Ct. at 1967–69. Accordingly, to allow Title VII plaintiffs simply to tack claims for compensatory damages onto complaints already pending in U.S. District Courts would, as a practical matter, deprive the United States of its opportunity to resolve claims for monetary damages at the administrative level, and would, as a legal matter, impermissibly broaden the jurisdiction of the federal courts to include claims that, contrary to the limited scope of the federal government's waiver of sovereign immunity in this area, had not followed the administrative track still required by Title VII as a prerequisite to judicial action in federal employment cases. *Cf. Brown v. GSA*, 507 F.2d 1300, 1306–07 (2nd Cir.1974) (finding

that Congress has effectively waived sovereign immunity only for those cases that have properly pursued the administrative remedies provided in the statute), *aff'd,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Nothing in the 1991 Act or the legislative history indicates an intent on the part of Congress to expand its waiver of sovereign immunity or the jurisdiction of the federal courts to hear compensatory damage claims in pending cases when the issue has not been considered administratively. The Court cannot infer such a significant expansion.

The Motion to File Second Amended Complaint to include a compensatory damage claim and jury trial must be denied.[1]

The discovery motions are addressed in a separate Order.

---

1. Recent further instances of retaliation also alleged in the proposed Second Amended Complaint may be offered at the trial for their evidentiary value and need not be alleged by amended complaint.