**Wanda Faye KING, Plaintiff,**

v.

**SHELBY MEDICAL CENTER, Defendant.**

Civ. A. No. 91–AR–2258–S.

United States District Court, N.D. Alabama, S.D.

Dec. 18, 1991.

Richard J. Ebbinghouse, Gordon Silberman Wiggins & Childs, Birmingham, Ala., for plaintiff.

Richard I. Lehr and R. David Proctor, Sirote and Permutt P.C., Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

ACKER, District Judge.

Wanda Faye King, plaintiff in the above-entitled cause, seeks leave to amend her complaint, which, in its present form, invokes Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, charging her employer, Shelby Medical Center, with having fired her because of her race. King did not invoke 42 U.S.C. § 1981, and did not demand a jury trial. The proposed amendment, if allowed, demands a jury trial, asserts a claim for damages to compensate plaintiff for her alleged future pecuniary losses and her mental anguish, seeks punitive damages, and invokes § 1981 under the Civil Rights Act of 1991, which became effective on November 21, 1991, after the original complaint was filed in this court, meaning, of course, that the effective date of the Act was long after the alleged discriminatory conduct took place and after the required EEOC procedures were exhausted.

Every federal court in the United States is now faced with the problem which this proposed amendment presents. Why? Because Congress in this new civil rights legislation punted on the question of whether or not the Act applies retroactively. Many senators and congressmen have deliberately tried to create a "legislative history" to support their personal views on this question, but the fact is that Congress, for no good reason, deliberately chose not to include in the statute itself a provision either for retroactive or for prospective-only application.

▆ On December 9, 1991, this court entered an order postponing the submission of plaintiff's motion for leave to amend until the Eleventh Circuit ruled on the application for rehearing and suggestion for rehearing *en banc* in *United States v. Peppertree Apts.*, 942 F.2d 1555 (11th Cir. 1991), and stating this court's belief that *Peppertree* would be dispositive on the question of whether or not the Civil Rights Act of 1991 is to have retroactive effect. When it entered its said order, this court was unaware that on December 6, 1991, the Eleventh Circuit had already denied the application for rehearing in *Peppertree.* The fact that a petition for writ of certiorari may be filed with the Supreme Court in *Peppertree* provides no reason for postponing a decision on an issue which should not be delayed at the district court level so that the Supreme Court will have a clear track for quickly giving to lower courts and litigants the much-needed instruction that Congress failed to give.

The situation is an amazing one, to say the least. In *Peppertree,* the United States

successfully convinced the Eleventh Circuit that a statute which allows the Government to recover double damages was merely "remedial in nature" and therefore should be applied retroactively to a transaction which occurred prior to the effective date of a law that could not possibly have been within the contemplation of that defendant at the time of the transaction complained of. Any person who says that he or she can predict what Congress will do tomorrow is either a liar or a fool. "Speculate", yes; "contemplate", no! Nobody can predict what Congress may do tomorrow. The current question, then, cannot be decided on the basis of whether this particular employer, or any other employer who acted prior to November 21, 1991, contemplated exposure to liability for a particular employee's mental anguish and/or for punitive damages while violating Title VII's prohibition against certain forms of discrimination in the workplace.

Fresh from its victory in *Peppertree*, the same United States which there fought for and obtained retroactive application of a statute doubling the damages to be paid by a violator, filed a brief in *Van Meter v. Barr*, 778 F.Supp. 83 (1991), in the United States District Court for the District of Columbia, stating at considerable length the Department of Justice's position, entirely inconsistent with the exemplary victory it won in *Peppertree*, that no provision of the Civil Rights Act of 1991 applies to any case pending prior to November 21, 1991. The double damages recovered in *Peppertree* is the Siamese twin of the capped punitive damages allowed by the new Act. Why should one be retroactive and the other not be? Peculiarly, the Equal Employment Opportunity Commission, which is the governmental agency charged with the primary responsibility for enforcing Title VII, has yet to be heard from on this retroactivity issue.

It may be possible by some brilliant piece of judicial legerdemain to distinguish *Peppertree* in a way which would allow this court to be bound by *Peppertree*, as it most certainly is, and still deny retroactivity to the so-called "remedial provisions" of the Civil Rights Act of 1991, but this court is not that brilliant, much less that intellectually dishonest. *Peppertree* necessarily means what it says unless and until it is changed by a court with the authority to change it. Meanwhile, this court is bound by this most recent and clearly apposite expression by the Eleventh Circuit. There would be no purpose served by this court's voicing its personal agreement or disagreement with *Peppertree*. The ultimate answer on the retroactivity or non-retroactivity of the Civil Rights Act of 1991 will be long in coming, and only after thousands of judicial hours, which Congress could easily have saved, are spent.

█ Despite this tragi-comedy of confusion, there is one part of the new Act the applicability of which can be considered and decided without having to accept the *Peppertree* rationale as the basis for decision. That is the Act's provision for jury trial, a matter which, despite what the United States argues in its brief in *Van Meter*, is clearly procedural and not substantive. The right to a jury trial does not depend upon whether the right is categorized as a "remedy" in the same sense as the punitive damages provision in the new Act may arguably be considered merely "remedial" or just as logically can be described as a new, "substantive" right or obligation. Trial by jury or trial by court is purely and simply a "procedural" question. The importance of the distinction between procedural and substantive changes was simply but clearly stated in *Sawyer v. Taylor*, 225 F.Supp. 555, 557 (D.Colo.1963), as follows:

> The traditional rule seems to be that statutes concerning *substance* are to be interpreted as operating only *prospectively* while those concerning *procedure* should be construed as applying *retroactively*. See Note, 67 Harv.L.Rev. 1087 (1954); Comment, Retroactive Expansion of State Court Jurisdiction Over Persons, 63 Colum.L.Rev. 1105 (1963).

(emphasis supplied).

The brief of the United States in *Van Meter* admits the truth of one thing this court has said many times, namely, that

the Supreme Court itself has never, since the Civil Rights Act of 1964 was enacted, *held* that a party to a Title VII case has no Seventh Amendment right to trial by jury where a money judgment is sought. To the contrary, the Supreme Court has tended more and more in its recent decisions toward an application of the Seventh Amendment to all statutorily created causes of action where a money judgment is sought. *See Beesley v. Hartford Fire Ins. Co.*, 717 F.Supp. 781 (N.D.Ala.), *aff'd on reconsideration*, 723 F.Supp. 635 (N.D.Ala.1989); *Walton v. Cowin Equipment Co.*, 733 F.Supp. 327 (N.D.Ala.1990), *rev'd*, 930 F.2d 924 (11th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 86, 116 L.Ed.2d 58 *opinion after remand*, 774 F.Supp. 1343 (N.D.Ala.1991); *Walker v. Anderson Elec. Connectors*, 736 F.Supp. 253 (N.D.Ala.1990); *Walker v. Anderson Elec. Connectors*, 742 F.Supp. 591 (N.D.Ala.1990), *aff'd*, 944 F.2d 841 (11th Cir.1991); *Hargett v. Delta Automotive, Inc.*, 765 F.Supp. 1487 (N.D.Ala.1991); *Woods v. Ficker*, 768 F.Supp. 793 (N.D.Ala. 1991); *Bozeman v. Sloss Indus. Corp.*, 138 F.R.D. 590 (N.D.Ala.1991); *Judge Acker's Last Stand: The Northern District of Alabama's Lonesome Battle for the Right to Trial by Jury under Title VII*, 39 J. Urb. & Contemp. L. 135 (1991). As recently as December 4, 1991, two days before the Eleventh Circuit's denial of rehearing in *Peppertree*, the Supreme Court further manifested its accelerating recognition of the full scope and meaning of the Seventh Amendment in *Wooddell v. International Brotherhood of Elec. Workers*, — U.S. —, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991). The court in *Wooddell* goes farther than it has ever gone before on the Seventh Amendment question, unanimously (with Justice Thomas abstaining) holding that a "claim for *lost wages cannot be treated as restitutionary* incidental to an order reinstating [plaintiff] to a job...." *Id.* (emphasis supplied). This brand new language cannot be reconciled with the Eleventh Circuit's fading expression in *Wilson v. City of Aliceville*, 779 F.2d 631, 635 (11th Cir. 1986), as follows:

Since Title VII case [sic] are entirely in equity there is no right to a jury trial, *even when the claimant seeks back pay. Sullivan v. School Board of Pinelles County*, 773 F.2d 1182 (11th Cir.1985), citing *Harkless v. Sweeny Independent School District*, 400 U.S. 991, 91 S. Ct. 451, 27 L.Ed.2d 439 (1971); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir.1969).

(emphasis supplied).

*See also Wall v. Trust Co. of Georgia*, 946 F.2d 805 (11th Cir.1991) (very recent reaffirmation of *Wilson*). Perhaps some court can fashion a distinction between "back pay" and "lost wages". This court cannot. While the Courts of Appeals may not have yet detected the strong hints constantly, recently and deliberately being dropped by the Supreme Court, teetering at the very brink of saying it in a Title VII case, the indicators have, in this court's opinion, become a *near* mandate from the Supreme Court. And now suddenly Congress gives a *clear* mandate and reveals that its intent was and is what it should have expressly included in the Civil Rights Act of 1964. There is now a *dual* mandate that this court would follow even without the overarching *Peppertree* mandate. Therefore, (1) the routine retroactivity of a mere statutory procedural change; (2) the Seventh Amendment itself, as interpreted in *Wooddell;* and (3) the fact that § 1981 as interpreted prior to *Patterson v. McLean*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), is now restored by the new Act to its pre-*Patterson* meaning (which includes trial by jury), in combination cause this court to grant plaintiff's demand for a jury trial, a demand which the court has the discretion to grant even belatedly pursuant to Rule 39(b), F.R.Civ.P.

If either party requests a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292, the court will very likely grant it inasmuch as an appellate decision on the retroactivity issues would materially advance the ultimate termination of the litigation, and since the issues involve controlling questions of law as to which there is substantial ground for difference of opinion.

A separate, appropriate order will be entered.