**Meredith A. WALLACE, Plaintiff,**

v.

**HOUSING AUTHORITY OF the CITY OF COLUMBIA; Rodney H. Fauser, in both his official and individual capacities, Defendants.**

**Civ. A. No. 3:91–3440–19AH.**

United States District Court,
D. South Carolina,
Columbia Division.

May 8, 1992.

Benjamin M. Mabry, Columbia, S.C., for plaintiff.

Vance J. Bettis, Columbia, S.C., for defendants.

## ORDER

SHEDD, District Judge.

This is an employment discrimination case. Plaintiff commenced this action on November 13, 1991, alleging sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636 and Local Rule 19.02 (DSC), this matter was assigned to the Honorable Charles W. Gambrell, United States Magistrate Judge, for all pretrial proceedings.

On February 26, 1992, plaintiff filed a Motion For Leave To Amend the Complaint to add a claim for compensatory damages and a demand for a jury trial on her Title VII claim based on the Civil Rights Act of 1991 ("the Act"), which was signed into law on November 21, 1991. On March 19, 1992, Magistrate Judge Gambrell filed a Report and Recommendation ("the Report") in which he recommends that plaintiff's motion be denied based on his finding that the

Act does not apply retroactively. Plaintiff has filed an objection to the Report in which she restates the arguments that she presented in her motion to amend. This matter is now before the Court for review of the Report pursuant to 28 U.S.C. § 636.

◼ The applicable standard of review is clear. The magistrate judge makes only a recommendation to the Court, to which any party may file written objections within ten days after being served with a copy of the report and recommendation. 28 U.S.C. § 636(b)(1)(B)–(C). The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261, 271, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1. "Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." 488 U.S. at 208, 109 S.Ct. at 471.

2. "It is a fundamental and well established principle of law ... that statutes are presumed to operate prospectively unless retroactive application appears from the plain language of the legislation." 934 F.2d at 527.

3. In footnote 3 of the opinion in *Rowson,* the court refers to an additional case in which it orally ruled from the bench that the Act is not retroactive.

4. The Court is informed that an interlocutory appeal has been filed with and accepted by the

*Wood v. Schweiker,* 537 F.Supp. 660, 661 (D.S.C.1982).

◼ The Court has carefully reviewed the Report and plaintiff's objection thereto and has specifically considered de novo those portions of the Report to which plaintiff has objected. In addition, the Court has reviewed the legislative history of the Act and the controlling case law. Based on this review, the Court agrees with the conclusion of Magistrate Judge Gambrell, and now holds, that the Act is not to be applied retroactively. This conclusion is warranted by the decisions in *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988),[1] and *Leland v. Federal Ins. Adm'r*, 934 F.2d 524 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991);[2] and is consistent with all of the reported decisions in this circuit dealing with this issue, *see McCormick v. Consolidation Coal Co.*, 786 F.Supp. 563 (N.D.W.Va.1992); *Rowson v. County of Arlington, Va.*, 786 F.Supp. 555 (E.D.Va.1992) (1992 Westlaw 52182);[3] *Percell v. International Business Machs., Inc.*, 785 F.Supp. 1229 (E.D.N.C.1992) (1992 Westlaw 46478);[4] *Patterson v. McLean Credit Union*, 784 F.Supp. 268 (M.D.N.C. 1992); *Khandelwal v. Compuadd Corp.*, 780 F.Supp. 1077 (E.D.Va.1992); as well as with the only two circuit court decisions of which the Court is aware. *See Fray v. Omaha World Herald Co.*, 960 F.2d 1370 (8th Cir.1992); *Vogel v. City of Cincinnati,* 959 F.2d 594 (6th Cir.1992) (1992 Westlaw 45451).[5] Accordingly, the Court will

Fourth Circuit in *Percell. Percell v. International Business Machs., Inc.,* No. 92–8023 (4th Cir. Permission to appeal granted March 12, 1992). While a decision by the Fourth Circuit in *Percell* will likely resolve the issue before this Court, it does not appear that *Percell* will be argued or decided in the immediate future. Therefore, it is proper to resolve this issue now rather than defer a decision pending a ruling in *Percell.*

5. The Report and the opinions in the cases cited above thoroughly and in the Court's view, correctly, discuss the legislative history of the Act and the controlling legal principles. Therefore, it would serve no useful purpose to restate the analysis in this Order. However, because this issue is likely to reappear in other cases before the Court, the Court will publish this Order and the Report for guidance in future cases.

overrule plaintiff's objection and accept the Report.

IT IS THEREFORE ORDERED that plaintiff's objection be OVERRULED, the Report be ACCEPTED, and plaintiff's Motion For Leave To Amend be DENIED.

AND IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

GAMBRELL, United States Magistrate Judge.

This case is before the court on the motion by plaintiff's counsel, J. Lewis Cromer, Esq., for leave to amend the complaint. On February 26, 1992, Mr. Cromer filed the motion for leave to amend. Plaintiff's counsel seeks leave to amend the complaint to add claims for compensatory damages relating to mental anguish, loss of earning capacity, loss of reputation, and "other harms[,]" under the Civil Rights Act of 1991. On the basis of § 102 of the Civil Rights Act of 1991, the plaintiff also seeks a jury trial. Cited in the motion for leave to amend are *Mojica v. Gannett Company, Inc.,* 779 F.Supp. 94 (N.D.Ill.1991), and *King v. Shelby Medical Center,* 779 F.Supp. 157 (N.D.Alabama 1991). Plaintiff's counsel indicates that he has consulted with defendants' counsel, but states that he has not been able to secure consent from counsel for the defendants.

The plaintiff's motion to amend includes a memorandum of law. In that memorandum, the plaintiff contends that the decision of the Supreme Court in *Bradley v. School Board of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974), requires the court to apply the 1991 Act retroactively because she "only seeks to invoke procedural and remedial changes in the 1991 Act." Plaintiff's counsel argues that the district court in *Mojica v. Gannett Co., supra,* applied the *Bradley* holding in concluding that retroactive application of the 1991 Act is required. Plaintiff's counsel collects cases outside this circuit holding that statutory changes which are procedural or remedial in nature apply retroactively.

Plaintiff's counsel also maintains that the court's reliance on the decision of the Court of Appeals in *Leland v. Federal Insurance Administrator,* 934 F.2d 524 (4th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991), "would be misplaced" because the retroactive application of a statute in that case would have altered a substantive right in an insurance contract. Also cited is *Bennett v. New Jersey,* 470 U.S. 632, 639, 105 S.Ct. 1555, 1560, 84 L.Ed.2d 572 (1985), which holds that statutes affecting substantive rights and liabilities are presumed to have only prospective effect. In a separate paragraph, plaintiff's counsel calls attention to *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), which held that the Secretary of Health and Human Services had no authority, under amendments to the Medicare Act, to promulgate retroactive regulations concerning reimbursement(s) to hospitals.

Plaintiff's counsel contends that *Bradley* is controlling because the Civil Rights Act of 1991 only affects procedural and remedial changes, whereas *Bowen v. Georgetown University Hospital* applies to substantive rights. In what is a transition paragraph into the plaintiff's next major contention, plaintiff's counsel states, "[w]hether the 1991 Act applies retroactively is a matter of congressional intent, which should not be decided by an arguably unconstitutional irrebuttable presumption ... against retroactivity." (Plaintiff's brief, at pages 3–4). The plaintiff also cites *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), as holding that "the legislative intent controls the manner in which a statute is to be construed—where it is clear." (Plaintiff's brief, at page 4).

In his second major contention, plaintiff's counsel maintains that "the 1991 Act and its legislative history require retroactive assessment of compensatory damages and jury trials." The plaintiff criticizes the rationale of the district court in *Khandelwal v. Compuadd Corp.,* 780 F.Supp. 1077 (E.D.Va.1992), and states that the district court in *Khandelwal* acknowledged that

§ 402(b) of the Civil Rights Act of 1991 would be meaningless if § 402(a) is not construed as a general rule of retroactivity: "The court dismissed this well settled rule of construction instead relying on the minority party's legislative history." In a footnote, plaintiff's counsel indicates that the district court in *Khandelwal* "mistakenly relied upon *Van Meter v. Barr*, 778 F.Supp. 83 (D.D.C.1991) [,] because *Barr* is limited to federal employees." Prior to addressing the legislative history of the 1991 Act, plaintiff's counsel characterizes *Mojica, supra,* as being "far more persuasive than *Khandelwal,* which recognized that other courts were applying the 1991 Act retroactively." Plaintiff's counsel again cites *King v. Shelby Medical Center, supra.*

In discussing the legislative history of the 1991 Act, plaintiff's counsel directs attention to House Report No. 102–40(I), which, according to plaintiff's counsel, shows that "[t]he legislative history demonstrates a clear preference for retroactivity." (Plaintiff's brief, at page 5). The House Report also mentions that the 1991 Act was to be applied to all proceedings pending on or commenced after the date of enactment. Plaintiff's counsel indicates that the House of Representatives "intended the damage remedy to be applied retroactively because it had given employers ample time to comply with the law[.]" Plaintiff's counsel, *inter alia,* specifically refers to the defeat of the "Republican" amendment to H.R. 1, which stated that the 1991 Act would not apply to any claim arising before the date of enactment.

Plaintiff's counsel also refers to the so-called "interpretative memorandum" of Representative Edwards, which states that the Congress did not intend to create "a class of lame-duck case law[.]" Also noted are Senator Kennedy's remarks in the *Congressional Record* of October 30, 1991, wherein he stated that the Civil Rights Act of 1991 would be applied retroactively to all cases, except the so-called *Wards Cove* case.

On March 13, 1992, counsel for the defendants filed a memorandum in opposition to the plaintiff's motion to amend. The defendants' memorandum in opposition to the plaintiff's motion to amend is contained in a brief, which is in a spiral binding. The defendants have also submitted a separately bound Index of Authorities, which contains copies of nineteen authorities, eighteen of which are recent orders from district courts holding that the Civil Rights Act of 1991 may not be applied retroactively. The first authority listed in the Index of Authorities is Notice No. 915.002, which was issued by the Equal Employment Opportunity Commission ("EEOC") on December 27, 1991. Notice No. 915.002 is a policy guidance on the application of "damages provisions" of the Civil Rights Act of 1991 to pending charges and pre-Act conduct.

Defendants' counsel contends that the Supreme Court of the United States presumes that statutes are to be applied prospectively. The defendants cite cases from the Supreme Court dating back to 1806. According to defendants' counsel, the Supreme Court's presumption that statutes are to operate prospectively "can be traced to the fundamental tenets of the U.S. Constitution (J. Story, *Commentaries on the Constitution* § 1398 (1851)) and English Common Law[.]" The defendants call attention to the recent decision by the district court in *Patterson v. McLean Credit Union,* 784 F.Supp. 268 (M.D.N.C., 1992), where Judge Ward ruled that the 1991 Civil Rights Act could not be applied retroactively. The defendants also argue that the legislative history of the Civil Rights Act of 1991 clearly demonstrates that the Act does not apply retroactively. Defendants' counsel cites, *inter alia, Griggs v. Duke Power Company,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), as holding that interpretations of statutory provisions by the agency entrusted with their administration are entitled to deference by the courts. In the final portion of the defendants' memorandum, defendants' counsel collects cases from district courts which have held that the Civil Rights Act of 1991 cannot be applied retroactively. At page 12 of the defendants' memorandum, their counsel concludes by stating: "Plaintiff ignores the

developing majority rule." Defendants' counsel states that the decision of the Court of Appeals in *Leland v. Federal Insurance Administrator,* 934 F.2d 524 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991), adopts the rationale of the Supreme Court in *Bowen v. Georgetown University Hospital, supra.*

### Discussion

Defendants' counsel correctly states that applicable precedents in this circuit and in other circuits generally hold that district courts should not retroactively apply statutes or regulations without a clear indication that the legislative branch intended to diverge from the norm of acting prospectively. But, as the district court noted in *Khandelwal v. Compuadd Corp.,* 780 F.Supp. 1077 (E.D.Va.1992), "[i]t is obvious" that no provision of the new Act conveys a clear intent that the Congress intended the Act to be applied retroactively. The EEOC reached a similar conclusion in its Notice No. 915.002:

> The above quoted language [in Section 402 of the Act] is not clear, however, as to pending cases or post-Act charges challenging pre-Act conduct. On its face, the language could be construed to mean that the Act applies to any charge or case in process on or after the date of enactment. The language could alternatively mean that the Act affects only conduct occurring after that date.
> * * * *

Clearly, there is language in the Act that might support retroactive application of the Civil Rights Act of 1991. But, as a whole, the legislative history of the Civil Rights Act of 1991 is unclear and contradictory.

In such circumstances, controlling circuit precedent holds that unless a statute expressly provides for retroactive application, it is to be interpreted by lower courts as being prospective only. *Leland v. Federal Insurance Administrator,* 934 F.2d 524, 528–529 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991).

The Supreme Court in *United States v. Security Industrial Bank,* 459 U.S. 70, 79–80, 103 S.Ct. 407, 412–13, 74 L.Ed.2d 235 (1982), stated that " '[t]he presumption is very strong that a statute was not meant to act retrospectively, and it ought never to receive such a construction if it is susceptible of any other[.]' "[1] Significantly, the Supreme Court has held that statute(s) affecting property rights should be given prospective application only. *United States v. Security Industrial Bank,* 459 U.S. at 79–81 & nn. 9–10, 103 S.Ct. at 412–414 & nn. 9–10, which involved amendments to the Bankruptcy Code.[2] The plaintiff's desire to recover compensatory damages for mental anguish, loss of earning capacity, and "other harms" would retroactively affect the defendants' property rights. Under the rationale in *United States v. Security Industrial Bank* and in *Bowen v. Georgetown University Hospital, supra,* such retroactive application of the Civil Rights Act of 1991 is impermissible.[3]

The decision of the United States District Court for the Eastern District of Virginia in *Khandelwal v. Compuadd Corp., supra,* is consistent with applicable circuit precedent. Also persuasive is the recent decision by Judge Ward in *Patterson v. McLean Credit Union,* 784 F.Supp. 268 (M.D.N.C., 1992). The earlier decision of

---

**1.** In *United States v. Security Industrial Bank,* the Supreme Court was quoting its earlier decision in *United States Fidelity & Guaranty Co. v. United States ex rel. Struthers Wells Co.,* 209 U.S. 306, 314, 28 S.Ct. 537, 539, 52 L.Ed. 804 (1908).

**2.** The Supreme Court, however, subsequently dismissed the appeal as moot. *United States v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982).

**3.** In *Bowen v. Georgetown University Hospital, supra,* the Court stated:

> Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result. * * * By the same principle, a statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms.
> * * *
>
> 488 U.S. at 208, 109 S.Ct. at 471.

the Supreme Court in that case[4] was a focus of the Civil Rights Act of 1991. Judge Ward concluded that the Civil Rights Act of 1991 did not apply retroactively because it (the Civil Rights Act of 1991) did not take effect until November 21, 1991:

> * * * The plain meaning of this statute is that the Act had no effect prior to November 21, 1991. Thus, it cannot be construed to govern events occurring prior to that time. * * *

*Patterson v. McLean Credit Union*, 784 F.Supp. 268.

District courts in this circuit are not to apply a statute retroactively where the Congress has not expressly provided, or has been unwilling to provide expressly, for retroactive application. The decisions of the district court in *Mojica v. Gannett Co.* and *King v. Shelby Medical Center*, which are cited by plaintiff's counsel in his memorandum, are not consistent with binding precedent in this circuit.[5]

The decision of the Supreme Court in *Bradley, supra,* which is cited by plaintiff's counsel, indicates that statutes affecting procedural matters are to be given retroactive application. The main issue in *Bradley* was whether attorney's fees could be awarded in cases pending on the date of the statute's enactment. In the case at bar, the liability on the part of the defendant, under the 1991 Act, for compensatory damages relating to mental anguish, loss of earning capacity, loss of reputation, and "other harms[,]" cannot be classified as merely remedial or procedural. See *Bennett v. New Jersey*, 470 U.S. 632, 639, 105 S.Ct. 1555, 1560, 84 L.Ed.2d 572 (1985) (statutes affecting substantive rights and liabilities are presumed to have only prospective effect); and *National Wildlife Federation v. Agricultural Stabilization*

*and Conservation Service*, 955 F.2d 1199 (8th Cir.1992), *vacating*, on rehearing, 941 F.2d 667 (8th Cir.1991). Hence, *Bradley* is inapposite on the facts. Furthermore, some courts have questioned whether *Bradley* has been superannuated by subsequent case law from the Supreme Court. See, *e.g., Simmons v. Lockhart*, 931 F.2d 1226, 1229–1231 (8th Cir.1991).

A majority of district courts have held that the Civil Rights Act of 1991 may not be applied retroactively because the availability of compensatory damages and other types of relief under that Act has altered substantive rights. See, *e.g., Khandelwal v. Compuadd Corp., supra;* and *Joyner v. Monier Roof Tile, Inc.*, 784 F.Supp. 872 (S.D.Fla.1992). In *Joyner*, the district court denied the plaintiff's motion to amend the complaint, pursuant to the Civil Rights Act of 1991, even though counsel for the defendant in that case had consented to the motion to amend.

Accordingly, I recommend that the District Court deny the plaintiff's motion for leave to amend the complaint.[6]

Columbia, South Carolina

March 18, 1992

---

4. *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

5. Although the district court in *King v. Shelby Medical Center* granted the plaintiff's motion to amend the complaint, it indicated to the parties that it would grant either party's request to certify an interlocutory appeal, pursuant to 28 U.S.C. § 1292, "inasmuch as an appellate decision on the retroactivity issues would materially advance the ultimate termination of the litiga-

tion, and since the issues involve controlling questions of law as to which there is substantial ground for difference of opinion." *King v. Shelby Medical Center*, 779 F.Supp. at 159.

6. Counsel are reminded of the right of a litigant to file timely written objections to a magistrate judge's recommendation, and of the effect on the right of appellate review of a failure to do so.