952 F.2d 991
 57 Fair Empl.Prac.Cas. (BNA) 835,
57 Empl. Prac. Dec. P 41,138
Kenneth G. HICKS, Appellee/Cross-Appellant,
v.
BROWN GROUP, INC., d/b/a Brown Shoe Company, Inc.,
Appellant/Cross-Appellee.
 Nos. 88-2769, 88-2817.
 United States Court of Appeals,
Eighth Circuit.
 Dec. 23, 1991.
 
 Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.
 
 ORDER
 
 1
 Before the court are motions of appellee Kenneth G. Hicks to vacate this court's judgment of October 9, 1991, 946 F.2d 1344, and to extend the stay of mandate entered on October 31, 1991, and effective through December 30, 1991. For the reasons discussed below, we deny both motions.
 
 
 2
 In October 1988, the district court entered judgment for Hicks following a jury trial in Hicks' action under 42 U.S.C. § 1981 alleging racially discriminatory termination of employment. On April 16, 1990, this panel affirmed the judgment of the district court. Hicks v. Brown Group, Inc., 902 F.2d 630 (8th Cir.1990). On March 18, 1991, the Supreme Court vacated the panel's opinion and remanded the case for further consideration in light of this court's then-pending en banc decision in Taggart v. Jefferson County Child Support Enforcement Unit. Brown Group, Inc. v. Hicks, --- U.S. ----, 111 S.Ct. 1299, 113 L.Ed.2d 234 (1991).
 
 
 3
 On June 6, 1991, this court ruled in Taggart that the Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), precluded discriminatory discharge claims under 42 U.S.C. § 1981. Taggart v. Jefferson County Child Support Enforcement Unit, 935 F.2d 947, 948 (8th Cir.1991) (en banc). Accordingly, on October 9, 1991, this panel issued an order reversing the district court in Hicks and remanding the case with instructions to dismiss Hicks' complaint with prejudice. Hicks sought a stay of the mandate, which was granted until December 30, 1991.
 
 
 4
 On November 21, 1991, President Bush signed the Civil Rights Act of 1991 into law. Section 101(2)(b) of the Act amends 42 U.S.C. § 1981 to include the following language:
 
 
 5
 For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
 
 
 6
 Civil Rights Act of 1991, § 101(2)(b) (text of S. 1745 as approved by House and Senate Nov. 7, 1991).
 
 
 7
 In his motion to vacate this court's judgment of October 9, 1991, Hicks argues that this provision of the Act should apply retrospectively to his action against Brown Group, Inc. In view of the Supreme Court's previous remand of this matter, we believe this question requires the consideration of the court en banc with the subsequent opportunity for Supreme Court review.
 
 
 8
 Hicks has failed, however, to file a timely petition for rehearing with suggestion for rehearing en banc. Because of this failure, the time period during which he may petition the Supreme Court for a writ of certiorari to review this court's judgment will expire on January 7, 1991. See Sup.Ct.R. 13.1; 13.4. The delay which en banc consideration of this matter would entail therefore would foreclose Hicks' access to further review by the Supreme Court.
 
 
 9
 Under these circumstances, we believe the question of the retrospective effect of the Civil Rights Act of 1991 on this case should be presented to the Supreme Court in a petition for writ of certiorari. Accordingly, appellee Hicks' motions are hereby denied.