EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION and
Amada Collazo

v.

FINA OIL AND CHEMICAL COMPANY.

Amada COLLAZO

v.

FINA OIL AND CHEMICAL COMPANY.

Nos. 91–CV–901, 91–CV–950.

United States District Court,
E.D. Texas,
Beaumont Division.

March 22, 1993.

---

Rudy L. Sustaita, Houston, TX, for EEOC.

Robert M. Wood, Woodville, TX, for Collazo.

Maureen Frances Moore, Locke, Purnell, Rain & Harrell, Dallas, TX, for Fina Oil and Chemical Co.

## MEMORANDUM ORDER

COBB, District Judge.

Plaintiffs Equal Employment Opportunity Commission, ("EEOC"), and Amada Collazo were joined in this suit against Fina Oil and Chemical Company, ("Fina"), under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, *et seq.* Collazo also files suit under 42 U.S.C. § 1981 for discrimination, under Title VII and ADEA, 42 U.S.C. § 2000e–3 and 29 U.S.C. § 623(d), for retaliation, and in tort for intentional infliction of emotional distress and breach of implied covenant of good faith and fair dealing. All parties file cross motions for summary judgment on all of the above, as well as statute of limitation issues.

Suit under Title VII and ADEA must be filed within 300 days of the alleged discriminatory act. 42 U.S.C. 2000e–5(e)(1) and 29 U.S.C. 626(d). Collazo filed suit on July 16, 1990, and so can only include alleged discriminatory acts that took place after September 19, 1989. She was fired within this time frame on October 31, 1989. The issue here is whether Fina's termination of employment was a discriminatory act or merely the consequence of past discriminatory acts that are time-barred.

Fina argues the latter, relying on *Hamilton v. Komatsu,* 964 F.2d 600 (7th Cir.1992) ("The limitation period begins to run at the time of the discriminatory acts, not when the consequences [i.e., termination of employment] of the acts become most painful"). However, even if we assume that Collazo's termination was not a discrete act of discrimination, *Hamilton* is distinguishable from the case at bar in that the employees knew months before termination that they would probably be terminated as the result of the new training requirements under their collective bargaining agreement. Absent such notice, *Hamilton* does not apply. *See, Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980) (time decision made and communicated triggered prescription).

■ All parties have moved for summary judgment on all claims. A party is entitled to summary judgment only if it meets "the exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Landry v. Air Line Pilots Association International AFL–CIO,* 901 F.2d 404, 424 (5th Cir.1990) (citing *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026, 1031 (5th Cir. Unit B 1982)). The court must view the evidence and all factual inferences in the light most favorable to the opposing party, resolving all reasonable doubts in its favor. If any factual issues exist, or if reasonable minds might differ on the inferences arising from undisputed facts,

the motion for summary judgment must be denied. However, once the movant has made and supported its motion, the adverse party may not rest upon "mere allegations or denials" but must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

■ As to EEOC's claims under Title VII and ADEA, Fina's contentions are, in summation, that Collazo received consistently low performance ratings while in its employment, chose a position *vis a vis* her new co-worker that would not require new training, admitted that her co-worker could perform functions that she could not, and was eventually terminated for legitimate, non-discriminatory reasons. The EEOC not only disputes all of the above, but also alleges facts tending to show a plan of discrimination on the part of Collazo's supervisor to supplant her with a younger Anglo–American female. Both parties have submitted affidavits and depositions that support their views of the facts. Consequently, these disputed issues are not subject to disposition under the summary judgment rule.

■ As to Collazo's retaliation claims, 42 U.S.C. § 2000e–3 and 29 U.S.C. § 623(d), the Court finds that the plaintiff must make a *prima facie* showing that 1) she engaged in protected activity, 2) an adverse employment action occurred, and 3) there was a casual, "but for," connection between the two. *Jones v. Flagship International,* 793 F.2d 714, 724–25 (5th Cir.1986) (Title VII anti-retaliation provision); *Carter v. South Central Bell,* 912 F.2d 832, 842 (5th Cir.1990).[1]

Collazo alleges two incidents of retaliation: 1) Fina refused to purchase her home along with others near its Port Arthur facility in retaliation for her suit here, and 2) Fina's employment committee gave her an adverse evaluation just four days after her "informal EEO complaint."

■ However, the plaintiff has never offered her home for purchase to the company,

---

1. The anti-retaliation provision of ADEA is derived *in haec verba* from Title VII, *see, Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755–56, 99 S.Ct. 2066, 2071–72, 60 L.Ed.2d 609 (1979), and the same analysis will be applied. *Lujan v. Wal-*

*ters,* 813 F.2d 1051, 1058 (10th Cir.1987); *Whitten v. Farmland Industries, Inc.,* 759 F.Supp. 1522, 1531 (D.Kan.1991). *See, Hickey v. ARKLA,* 699 F.2d 748, 751 (5th Cir.1983) (issue of analogous analyses not reached).

(Defendant's Exhibit F); and her "informal EEO complaint" is not "protected" in that it does not protest employment practices believed to be unlawful under Title VII or ADEA. *See, e.g., Anderson v. Phillips Petroleum Co.,* 722 F.Supp. 668, 672 (D.Kan. 1989). This "informal EEO complaint" is actually an internal memorandum in which the plaintiff takes issue with her latest performance evaluation, in part for not receiving the same, equal training and opportunity as her co-worker. Such treatment, though possibly unfair, is not unlawful, and her memo on the same, devoid as it is of any further allegations going to discriminatory intent on the part of her employer in denying her equal training, does not constitute a protest of employment practices that violate Title VII or ADEA. Consequently, it is not protected under the anti-retaliation provisions of the acts. *Compare Reeder–Baker v. Lincoln Nat. Corp.,* 649 F.Supp. 647 (N.D.Ind.1986) (complaint about employment evaluation coupled with inquiry as to racial policy is protected) *and Mack v. W.R. Grace Co.,* 578 F.Supp. 626 (D.C.Ga.1983) (employee's confronting his supervisors with charge that, for discriminatory reasons, his work was made to appear unsatisfactory is protected) *with EEOC v. Shoney's Inc.,* 536 F.Supp. 875 (D.C.Ala.1982) (complaint of unfair treatment does not constitute complaint concerning unlawful employment practice).

■ In considering this motion for summary judgment as to Collazo's claims of discrimination under 42 U.S.C. § 1981 and of breach of covenant of good faith and fair dealing in state tort, the Court finds that Fina is entitled to summary judgment as a matter of law: 1) at the time of filing, § 1981 did not cover discriminatory termination of employment, *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), and the 1991 amendment to the act that extends the coverage is not retroactive, *Landgraf v. USI Film Products,* 968 F.2d 427 (5th Cir.1992); *see, Johnson v. Uncle Ben's, Inc.,* 965 F.2d 1363, 1372 (5th Cir.1992); *West v. Pelican Management Services Corp.,* 782 F.Supp. 1132 (M.D.La.1992); and 2) Texas does not recognize "breach of covenant" as a cause of action in the employment-at-will context which we have here.

*Lumpkin v. H & C Communications, Inc.,* 755 S.W.2d 538 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■ In considering this motion for summary judgment as to Collazo's claim of intentional infliction of emotional distress, the Court finds that Collazo must make a *prima facie* showing that 1) the defendant acted intentionally or recklessly, 2) the conduct was extreme and outrageous, 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the emotional distress suffered by the plaintiff was severe. *See, Wilson v. Monarch Paper Co.,* 939 F.2d 1138, 1142–43 (5th Cir.1992) (discussing Texas standard).

She claims two causes of action that fall within the state two-year statute of limitations for torts. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). First, in her deposition of May 18, 1992, she testified that her termination of October 31, 1989, was "very depressing to me." Second, in her deposition of July 28, 1992, she testified that she was "very upset and hurt" by Roger Holt's deposition of May 18, 1992, wherein he testified that she was not trainable and that he had on many occasions so informed her co-workers, and that she had consulted a doctor for consequent stomach problems.

■ As to her first cause of action, Texas courts do not accept emotional distress occasioned solely by the act of termination to be actionable. *Diamond Shamrock Refining v. Mendez,* 809 S.W.2d 514 (Tex.App.—San Antonio 1991) ("A certain degree of emotional distress will naturally accompany losing a job").

■ As to the second incident, (Holt's testimony at deposition), "wounded pride" may rise to the level of severe emotional distress. *Campos v. Ysleta General Hospital, Inc.,* 836 S.W.2d 791, 795 (Tex.App.—El Paso, 1992). The issue is whether Holt's testimony in and of itself would lead "an average member of the community" to exclaim, "Outrageous." *Wilson v. Monarch Paper Co.* at 1143 (quoting Texas Restatement (Second) Torts § 46, Comment d (1965)).

In *Monarch Paper,* the Court held that it was "outrageous" for the employer to demote

an executive manager with thirty years experience and a college degree to an entry level warehouse supervisor with menial and demeaning duties. By analogy it could be argued that it is "outrageous" for the plaintiff's supervisor to label as "not trainable" a woman who had on her own initiative obtained computer training from the local university in order to upgrade her skills. Fina was aware of this training as she got the company to pay for it after the fact; therefore, Holt as her supervisor probably knew of it, which would support a *prima facie* showing of intentional or reckless behavior, viewing all the above "in the light most favorable" to the plaintiff under the summary judgment standard.

ACCORDINGLY, for the reasons set out above, Plaintiff EEOC's motion for summary judgment on the federal statute of limitations is GRANTED; Defendant's motions for summary judgment on Collazo's claims of discrimination under 42 U.S.C. § 1981, retaliation under ADEA and Title VII, and breach of covenant in tort are GRANTED; and Defendant's motion for summary judgment as to Collazo's claim for intentional infliction of emotional distress is GRANTED in part and DENIED in part. All other motions for summary judgment are in all things DENIED.