**Karen REYNOLDS**

v.

**Anthony M. FRANK, Postmaster General.**

**No. 2:89CV817 (PCD).**

United States District Court, D. Connecticut.

March 18, 1992.

Kenneth I. Friedman and Kathleen Eldergill, Manchester, Conn., for plaintiff.

Nancy L. Girffin, Asst. U.S. Atty., New Haven, Conn., and Nancy B. Emery, Office of Field Legal Services, U.S. Postal Service, Windsor, Conn., for defendant.

### RULING ON MOTION FOR LEAVE TO AMEND

DORSEY, District Judge.

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging sex discrimination. In view of the passage of the Civil Rights Act of 1991 ("the Act"), plaintiff seeks to amend her complaint to claim compensatory and punitive damages.[1] Defendant objects, arguing the Act should not be retroactively applied.

■ Whether those sections of the Act on which plaintiff relies[2] apply to cases

---

**1.** The Act specifically disallows punitive damages against the government, *see* footnote 2, and thus plaintiff's request to add that claim is denied.

**2.** Section 102 provides:

(a)(1) In an action brought ... under section 706 or 717 of the Civil Rights Act of 1964 against a respondent who engaged in unlawful intentional discrimination ... the complaining party may recover compensatory and

pending prior to the effective date of the statute[3] is a question of first impression in this jurisdiction. The Act does not address the issue directly and the legislative history provides little insight.[4]

■ Long-standing is a presumption against retroactive application of statutes. "Retroactivity is not favored in the law. Thus, congressional enactments ... will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). *See also, United States v. Heth*, 7 U.S. (3 Cranch) 399, 413, 2 L.Ed. 479 (1806) ("words in a statute ought not to have a retrospective operation, unless they are so clear, strong, and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied"). The Act does not have specific language mandating retroactive application. The majority of the courts considering the issue have found the statute to be prospective only. *E.g., Hansel v. Public Serv. Co.*, 778 F.Supp. 1126 (D.Colo.1991); *James v. American Int'l Recovery*, Docket No. 1:89CV321, 1991 WL 281734 (N.D.Ga.1991).

The Supreme Court has also stated, however, that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or the legislative history to the contrary." *Bradley v. School Bd. of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). *See also, Thorpe v. Housing Auth. of Durham*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). The Court recognized "the apparent tension" between *Georgetown* and *Bradley*, in *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990), but did not resolve the matter. In a concurring opinion, however, Justice

Scalia stated that "the rule ... expressed in ... *Bradley* was wrong," and that "the clear rule of construction that has been applied, except for these last two decades of confusion, since the beginning of the Republic and indeed since the early days of the common law," should be reaffirmed: "absent specific indication to the contrary, the operation of nonpenal legislation is prospective only." *Id.* at 841, 110 S.Ct. at 1579.

■ The Equal Employment Opportunity Commission announced, on December 27, 1991, in a "policy guidance" that it will follow *Georgetown* and not seek damages under the Act for events occurring before November 21, 1991. The EEOC reasoned that *Georgetown* represents the Court's more recent pronouncement on the issue. Generally, courts should give deference to interpretations of statutes by agencies charged with their enforcement. *See Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). "The EEOC's interpretation of ambiguous language need only be reasonable to be entitled to deference." *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 115, 108 S.Ct. 1666, 1671, 100 L.Ed.2d 96 (1988). *See also EEOC v. Arabian American Oil Co.*, — U.S. —, 111 S.Ct. 1227, 1235, 113 L.Ed.2d 274 (1991) (EEOC's interpretations are persuasive if thoroughly considered and consistently held, but are not controlling).

The language of the Act is somewhat helpful. First, § 102(a) provides that a "complaining party" may seek compensatory and punitive damages and § 102(d) defines "complaining party" as "a person who *may bring* an action under Title VII" (emphasis added). Arguably, this definition includes only future litigants. Moreover, the Act's purpose is to "provide additional protections against unlawful discrimination," and it "expand[s] the scope of

punitive damages as allowed in subsection (b). Subsection (b) provides for compensatory and punitive damages in such actions, up to certain specified limits, but specifically disallows punitive damages against the government.

**3.** The Act became effective on November 21, 1991.

**4.** The language regarding retroactivity was removed in order to get the legislation passed. The Senate debated the issue and then left the matter to be decided by the courts.

relevant civil rights statutes." § 2. This language contrasts the language used in the 1990 Act, the stated purpose of which is *"restoring ...* civil rights protections." Civil Rights Act of 1990 § 2(b)(1) (emphasis added). Retroactivity is more reasonably inferred when legislation restores protections eroded by the courts than when the legislation provides additional protections.

The defendant here is the federal government. Judge Gesell recently wrote compellingly in a case also involving the government. "The overall structure of the federal discrimination statutes supports the conclusion that the 1991 Act should not apply retroactively to suits such as [this]." *Van Meter v. Barr*, 778 F.Supp. 83 (D.D.C.1991).

> Unlike private Title VII discrimination cases, which may be brought directly into the United States District Court irrespective of whether or not the plaintiff has first pursued administrative remedies with the employer, ... in Title VII cases against the federal government, the United States has conditioned the waiver of sovereign immunity on the requirement that the plaintiff first raise his or her discrimination grievances with the agency (citations omitted).... Accordingly, to allow Title VII plaintiffs simply to tack claims for compensatory damages onto complaints already pending in U.S. District Courts would, as a practical matter, impermissibly broaden the jurisdiction of the federal courts to include claims that, contrary to the limited scope of the federal government's waiver of sovereign immunity in this area, had not followed the administrative track still required by Title VII as a prerequisite to judicial action in federal employment cases (citations omitted).

This reasoning is equally applicable to the present case.

While acknowledging the arguments to the contrary, the presumption in *Georgetown* should control and the EEOC's pronouncement is persuasive. As has the majority of district courts, it is here concluded that the Act is not to be applied retroactively. The language of the Act and Judge Gesell's persuasive reasoning, involving similar facts, in *Van Meter* supports this conclusion. Accordingly, plaintiff's motion to amend her complaint is denied.

*Conclusion*

Plaintiff's motion to amend (document # 67) is denied.

SO ORDERED.