Luminitza **SAVA**, Plaintiff,

v.

**GENERAL ELECTRIC COMPANY,
Defendant.**

**Civ. A. No. B–86–359 (RCZ).**

United States District Court,
D. Connecticut.

April 10, 1992.

Barry J. Boodman, Margaret D. Northrop, Law Office of Barry J. Boodman, Stamford, Conn., for plaintiff.

Susan M. Wright, Burton Kainen, Siegel, O'Connor, Schiff, Zangari & Kainen, P.C., New Haven, Conn., for defendant.

## RULING ON PENDING MOTIONS

ZAMPANO, Senior District Judge.

Pending are the defendant's motion to dismiss plaintiff's state law contract claim and plaintiff's motion to apply the Civil Rights Act of 1991 retroactively to this action. For the reasons set forth below, the motions are denied.

### I. BACKGROUND

On July 28, 1986, the plaintiff, Luminitza Sava, filed a complaint against the defendant, General Electric Company, which was amended on June 4, 1989. The amended complaint alleges that the defendant: denied plaintiff equal terms of employment and wrongfully discharged her contrary to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2; breached its employment contract by denying plaintiff incentive compensation contrary to state law; inflicted intentional emotional distress on plaintiff; and made fraudulent misrepresentations.

On February 2, 1989, the defendant moved for summary judgment on the intentional infliction of emotional distress and fraudulent misrepresentation claims. Summary judgment was granted on July 13, 1990. Thus, only Title VII and the pendent breach of contracts claim remain.

### II. THE CIVIL RIGHTS ACT OF 1991

 Plaintiff requests the Court to apply retroactively the provisions of the Civil Rights Act of 1991 ("the 1991 Act"), 42 U.S.C. § 1981a(a)(1), providing for compensatory and punitive damages, and § 1981a(c)(1), permitting Title VII claims to be submitted to a jury.[1] If the 1991 Act, signed by the President on November 21, 1991, is not applied retroactively, then plaintiff has no right to a jury trial or to compensatory and punitive damages on her Title VII claim.[2]

Several federal district court decisions, including decisions by Judge Cabranes, *Bapat v. Connecticut*, Civil Action No. H–90–100 (JAC) (D.Conn. April 6, 1992)[3] and Judge Dorsey of this District, *Reynolds v. Frank*, 786 F.Supp. 168 (D.Conn.1992) and *McGeary v. Connecticut Mutual Life Ins. Co.*, Docket No. 2:91CV1007 (PCD) (D.Conn. March 26, 1992), have held that the 1991 Act does not apply retroactively to pending cases involving pre-enactment conduct. *See, e.g., High v. Broadway Industries*, 57 FEP Cases (BNA) 1159, 1992 WL 33860 (W.D.Mo. Jan. 7, 1992); *Holman v. Macy's South, Inc.*, 57 FEP Cases (BNA) 1405, 1992 WL 117107 (N.D.Ga. Jan. 7, 1992); *Khandelwal v. Compuadd Corp.*, 780 F.Supp. 1077 (E.D.Va.1992); *Stevens v. Mann*, 57 FEP Cases (BNA) 1290 (S.D.Tex. Jan. 22, 1992); *Patterson v. McLean Credit Union*, 784 F.Supp. 268 (M.D.N.C.1992). *James v. American Int'l Recovery, Inc.*, 1991 WL 281734, 1991 U.S.Dist.Lexis 18408 (N.D.Ga. Dec. 3, 1991); *Van Meter v. Barr*, 778 F.Supp. 83, 57 FEP Cases (BNA) 769 (D.D.C.1991).

On the other hand, some federal district court decisions have applied the 1991 Act retroactively. *See, e.g., Stender v. Lucky Stores, Inc.*, 780 F.Supp. 1302 (N.D.Cal. 1992); *Saltarikos v. Charter Mfg. Co.*, 782 F.Supp. 420, 57 FEP Cases (BNA) 1225 (E.D.Wisc.1992); *Sanders v. Culinary Workers Union*, 783 F.Supp. 531 (D.Nev. 1992). *Mojica v. Gannett Co.*, 779 F.Supp.

---

1. The right to a jury trial under subsection (c)(1) arises only if the complaining party has a right to seek compensatory or punitive damages under subsection (a)(1). Accordingly, if newly-adopted subsection (a)(1) is not retroactive, compensatory and punitive damages are not available for cases arising prior to the enactment date, and, therefore, there can be no right to a jury trial for pre-enactment claims.

2. The only claims for relief in the amended complaint seeking compensatory and punitive damages were eliminated by the entry of summary judgment on July 13, 1990.

3. Judge Cabranes issued his opinion orally from the bench on April 6, 1992. *See* Tr. pp. 1–3.

94 (N.D.Ill.1991); *LaCour v. Harris County*, 57 FEP Cases (BNA), 1991 WL 321020 (S.D.Tex. Dec. 6, 1991); *Davis v. Tri–State Mack Distributions, Inc.*, 57 FEP (BNA) Cases 1025, 1991 WL 316891 (E.D.Ark. Dec. 16, 1991); *King v. Shelby Medical Center*, 779 F.Supp. 157 (N.D.Ala.1991).

The sole appellate decision addressing the issue is *Vogel v. Cincinnati*, 959 F.2d 594, 597 (6th Cir.1992), in which the Court of Appeals for the Sixth Circuit held that the 1991 Act does not apply retroactively.[4]

The split of decisional authority on whether the 1991 Act applies retroactively attests to the difficulty of the issue. On balance, however, the Court believes that the more persuasive position is that the 1991 Act does not apply retroactively to pending cases based on Judge Cabranes' and Judge Dorsey's rulings and the reasons carefully articulated by Judge Williams in *Khandelwal v. Compuadd Corp.*, 780 F.Supp. at 1078–82.

As additional reason for not applying the 1991 Act retroactively is the Equal Employment Opportunities Commission's ("EEOC") position that it will not seek damages for events occurring pre-enactment. "EEOC Police Guidance on Retroactivity of the Civil Rights Act of 1991," Daily L.Rep. (BNA No. 1 at D–1 Jan. 2, 1992). The United States Supreme Court has recognized that an interpretation of a statute by the agency charged with enforcing it is entitled to great deference. *See, e.g., Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34, 91 S.Ct. 849, 854–55, 28 L.Ed.2d 158 (1971).

Accordingly, plaintiff's request that the Court apply the 1991 Act retroactively is denied.

### III. THE PENDENT STATE LAW CLAIM

■ The defendant argues that in the interests of judicial economy, the Court should decline to exercise pendent jurisdiction over plaintiff's state law breach of contract claim. It emphasizes that the amount in controversy is small, and the claim involves several issues not present in the Title VII action. Judicial economy alone, however, is not determinative of whether the discretionary doctrine of pendent jurisdiction should be exercised.

Pendent jurisdiction is designed to allow the courts to deal with cases "in a manner that most sensibly accommodates a range of concerns and values." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). A paramount concern here involves basic fairness to the plaintiff. The pendent contract claim was filed more than five years ago, and its dismissal at this late date would clearly prejudice the plaintiff.

Accordingly, the defendant's motion to dismiss the breach of contract claim is denied.

SO ORDERED.

---

4. In *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1048 (2nd Cir.1992), the Court of Appeals for the Second Circuit refused to consider whether the 1991 Act applied retroactively because the issue had not been properly briefed.

Again, in *Tyler v. Bethlehem Steel Corp.*, 1992 WL 44319 *5, 958 F.2d 1176, 1181–82 (2nd Cir. March 10, 1992), the Second Circuit noted the conflict among the courts over the retroactivity issue, but did not address the question.