**Harold E. KEMP, Plaintiff,**

v.

**FLYGT CORPORATION, a Subsidiary of ITT, U.S.A., Defendant.**

**Civ. No. B–89–624 (WWE).**

United States District Court, D. Connecticut.

May 20, 1992.

Janet Bond Arterton, Garrison, Silbert & Arterton, P.C., New Haven, Conn., for plaintiff.

Mark S. Winslow, Robert M. Fortgang, Robert M. Fortgang Associates, Hartford, Conn., for defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS

EGINTON, District Judge.

### FACTS

Defendant, Flygt Corporation ["Flygt"] moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Count Three of Plaintiff Harold Kemp's Second Amended Complaint, along with Kemp's claims for Title VII compensatory and punitive damages and a jury trial.

In 1984 Plaintiff Kemp was hired by Flygt as an Assistant Inventory Controller. Kemp, who is African–American, alleges that Flygt maintained various policies for its employees, including a policy of promoting from within, that were violated when he was passed over for a promotion in June, 1986. In the wake of his failed attempt for a promotion, Kemp alleges that he was discriminated against by Flygt in his workload and performance reviews based on his race. On November 18, 1986 Kemp was terminated by Flygt.

Kemp's initial complaint was filed on November 27, 1989, and an amended complaint was filed on July 2, 1991. Having withstood an initial motion to dismiss, Kemp's amended complaint contained two federal claims, based on Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981, and two pendent state law claims for Intentional Infliction of Emotional Distress and Breach of Contract.

Kemp moved for leave to amend his Amended Complaint on February 13, 1992 to include claims for discriminatory discharge in violation of 42 U.S.C. § 1981 (Count Three), compensatory and punitive damages, and a jury trial on the Title VII claim, on the ground that the passage of the Civil Rights Act of 1991 allows such relief.

The court granted Kemp leave to amend on March 3, 1992, and now will entertain Flygt's attack on the merits of the Second Amended Complaint. Flygt argues that the while the Act does provide for the relief Kemp seeks, the Act cannot be applied retroactively to cases that were pending when the Act was passed on November 21, 1991. For the reasons set fourth below, Defendant Flygt's motion to dismiss will be granted.

## DISCUSSION

■ The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss under the Federal Rules of Civil Procedure, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ The Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (1991) [the "Act"], provides that plaintiffs alleging employment discrimination may make a claim for discriminatory discharge (§ 101), may recover compensatory or punitive damages against a defendant who engages in intentional discrimination (§ 102), and may have a jury determine the amount of such damages (§ 102(c)). The Act will affect this case only if these provisions apply retroactively to cases pending when the Act took effect.

The Act itself provides little guidance to courts examining the retroactivity question. Section 402(a) of the Act provides: "Except as otherwise specifically provided, this Act and the amendments made by this act shall take effect upon enactment." This section has been interpreted to show that Congress did not favor retroactivity. *Oliva v. Trans World Airlines*, 788 F.Supp. 426 (W.D.Mo.1992). Yet section 402(b) then explains that the Act shall specifically not apply retroactively to "Certain Disparate Impact Cases." This section clouds the issue, because it implies by exclusion that in non-enumerated cases retroactivity could apply. *See Croce v. V.I.P. Real Estate, Inc.*, 786 F.Supp. 1141 (S.D.N.Y.1992).

The legislative history is no more helpful. One court noted:

> Every federal court in the United States is now faced with the problem which this proposed amendment presents. Why? Because Congress in this new Civil Rights litigation punted on the question

of whether or not the Act applies retroactively. Many Senators and Congressmen have deliberately tried to create a "legislative history" to support their personal views on this question [and] deliberately choose not to include in the statute itself a provision either for retroactive or for prospective-only application.

*King v. Shelby Medical Center,* 779 F.Supp. 157, 157 (N.D.Ala. December 18, 1991). Both Republican Senator John Danforth and Democratic Senator Edward Kennedy predicted that it would fall to the federal courts to determine the retroactivity issue. *See* 137 Cong.Rec. S15485 (daily ed. Oct. 30, 1991) (statement of Sen. Kennedy); 137 Cong.Rec. S15483 (daily ed. Oct. 30, 1991) (statement of Sen. Danforth).

The Second Circuit has yet to decide whether the Act should be applied retroactively. *See Song v. Ives Laboratories, Inc.,* 957 F.2d 1041 (2d Cir.1992) (declining to address the retroactivity issue). District courts in this circuit have reflected the national trend, with a split of authority that generally favors non-retroactivity. *See Croce,* 786 F.Supp. 1141 (holding that the Act is retroactive); *McLaughlin v. New York,* 784 F.Supp. 961, 973 (N.D.N.Y.1992) (holding that the Act is not retroactive). In this district, Judge Dorsey held that the Act should not be applied retroactively. *Reynolds v. Frank,* 786 F.Supp. 168 (D.Conn.1992).

In the absence of Congressional intent, the district courts have been left to navigate a course between two lines of Supreme Court precedent. The first is based on the Court's 1974 decision in *Bradley v. Richmond School Bd.,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476. Addressing the issue of whether a recently-enacted statute authorizing recovery of attorney's fees should be applied retroactively to cases pending when the law was enacted, the Court held that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice...." *Bradley,* 416 U.S. at 711, 94 S.Ct. at 2016. The Court "rejected the contention that a change in the law is to be given effect in a pending case only where that is the clear and stated intention of the

legislature." *Bradley,* 416 U.S. at 715, 94 S.Ct. at 2018.

The second line of cases is based on the more recent Supreme Court decision in *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). While the retroactive application of a statute was not at issue, the Court noted in dicta that "[r]etroactivity is not favored in the law. Thus congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen,* 488 U.S. at 208, 109 S.Ct. at 471.

The Supreme Court has noted an "apparent tension" between the *Bradley* and *Georgetown Hospital* presumptions, but has yet to reconcile the conflict. *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). Justice Scalia has noted in concurrence that the *Bradley* rule was wrong, and that "absent specific indication to the contrary, the operation of nonpenal legislation is prospective only." *Bonjorno,* 494 U.S. at 841, 110 S.Ct. at 1579.

The Second Circuit has yet to address the *Bradley/Georgetown Hospital* conflict. However, in *McLaughlin v. New York,* 784 F.Supp. 961 (N.D.N.Y.1992) the court notes that several other circuit courts have done so, and "every Court of Appeals to have truly confronted the merits of the presumption debate has concluded that *Georgetown Hospital* represents the more suitable resolution to the retroactivity issue." *McLaughlin,* 784 F.Supp. at 971.

The logic of the *Georgetown* presumption was summarized by the Eighth Circuit in *Simmons v. Lockhart,* 931 F.2d 1226 (8th Cir.1991):

The better rule is that of *Georgetown Hospital:* we will not retroactively apply statutes or regulations without a clear indication that the legislature or administrative agency intends to diverge from the norm of acting prospectively ... the presumption against retroactive application best preserves the distinction between courts and legislatures: the for-

mer usually act retrospectively, settling disputes between persons, the latter usually act prospectively, setting the general rules for future conduct.

*Simmons,* 931 F.2d at 1230 (citations omitted). This court is persuaded that the rule of *Georgetown Hospital* should be adopted here. *See Bonjorno,* 494 U.S. at 842, 110 S.Ct. at 1579 (Scalia, J., concurring) (noting that "[d]uring all of the 19th and most of the 20th centuries, our cases expressed and applied ... the principal that legislation is to be applied only prospectively unless Congress specifies otherwise").

In addition, The Equal Employment Opportunity Commission announced, on December 27, 1991, in a "policy guidance" that it will follow the *Georgetown Hospital* presumption and not seek damages under the Act for events occurring before November 21, 1991. The EEOC reasoned that *Georgetown Hospital* represented the Supreme Court's more recent pronouncement on the issue. *See Reynolds v. Frank,* 786 F.Supp. 168 (D.Conn.1992).

■ If well reasoned and consistently held, EEOC rulings are persuasive but not controlling. *See EEOC v. Arabian American Oil Co.,* — U.S. ——, 111 S.Ct. 1227, 1235, 113 L.Ed.2d 274 (1991). At least one court in this circuit has declined to afford any deference to the EEOC policy guidance. *See Croce v. V.I.P. Real Estate, Inc.,* 786 F.Supp. 1141 (S.D.N.Y.1992). Regarding the instant case, in light of the court's own analysis, *supra,* the court need not give the policy guidance any great weight, but views it as but one further analysis of the presumption debate leading to the conclusion that the *Georgetown Hospital* interpretation is preferable.

The Second Circuit has held that when Congress acts to "clarify" a Supreme Court decision and restore the law to a previous posture, then the enactment should be applied retroactively. *Leake v. Long Island Jewish Center,* 869 F.2d 130, 131 (2d Cir.1989). Section 3(4) ("Purposes") of the Act states that the Act is designed "to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes...."

Plaintiff argues that such language makes the Act restorative, and therefore retroactive under Second Circuit law.

The problem with such an analysis is that while portions of the Act may be restorative, major parts of it are not. For example, until passage of the Act, Title VII expressly limited recovery to equitable relief, and precluded recovery of compensatory and punitive damages. *See Carrero v. New York City Housing Authority,* 890 F.2d 569, 581 (2d Cir.1989) ("neither compensatory nor punitive damages are recoverable under Title VII"). Having noted the ambiguity generated by the Act itself and the accompanying legislative history, and having declined to try and infer any general policy of retroactivity applicable to the Act as a whole, the court is unwilling to hold that some of the Act is retroactive and some is not. To embark on such a course armed with the Act's legislative history would be folly. Without any guidance from Congress, the court is persuaded by the logic of the *Georgetown Hospital* line of cases that the Civil Rights Act of 1991 is not to be applied retroactively.

## CONCLUSION

For the reasons set forth above, Defendant Flygt Corporation's Motion to Dismiss is GRANTED. Count III of Plaintiff Harold Kemp's amended complaint and the claims for Title VII compensatory and punitive damages are hereby dismissed. Plaintiff's demand for a jury trial for his Title VII claim is stricken.

SO ORDERED.